Kathleen L. DeSoto
GARLINGTON, LOHN &
 ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
kldesoto@garlington.com

Steven G. Emerson (*pro hac pending*)
Thomas H. Davis (*pro hac pending*)
STINSON LEONARD STREET, LLP
1201 Walnut Street, Suite 2900
Kansas City, MO  64106-2150
Telephone (816) 842-8600
Telefax (816) 691-3495
steve.emerson@stinson.com
thomas.davis@stinson.com

Attorneys for Defendant/Third-Party Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, a New Jersey corporation,<br><br>               Plaintiff,<br>     v.<br><br>NORTHWESTERN CORPORATION dba NORTHWESTERN ENERGY, a Delaware corporation,<br><br>               Defendant. | CV-16-05-SPW-CSO<br><br><br>THIRD-PARTY COMPLAINT OF NORTHWESTERN CORPORATION d/b/a NORTHWESTERN ENERGY AGAINST CITY OF BILLINGS AND GE ENERGY MANAGEMENT SERVICES, INC. AND DEMAND FOR JURY TRIAL |
| NORTHWESTERN CORPORATION dba NORTHWESTERN ENERGY, a Delaware corporation,<br><br>               Third-Party Plaintiff,<br>     v.<br><br>CITY OF BILLINGS and GE ENERGY MANAGEMENT SERVICES, INC.,<br><br>               Third-Party Defendants. | |

1978922

1

Defendant and Third-Party Plaintiff Northwestern Corporation d/b/a NorthWestern Energy ("Defendant" or "NWE"), by and through counsel, and for its Third-Party Complaint against City of Billings Sewer Department and GE Energy Management Services, Inc., states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff ExxonMobil Corporation ("ExxonMobil") filed its Complaint, Exhibit A hereto, against Defendant Northwestern Corporation d/b/a NorthWestern Energy, claiming damages as a result of two power outages that took place in January 2014 and January 2016 at its Refinery in Billings, Montana. Defendant incorporates herein the allegations contained in Plaintiff's Complaint without admitting to the truth thereof, except to the extent admitted in Defendant's Answer, Exhibit B hereto.

2. Third-Party Defendant City of Billings (the "City") is a corporate municipality located in Yellowstone County, Montana. The City, through its Wastewater Treatment Division, operates a Wastewater Treatment Plant along the Yellowstone River in Billings, Montana.

3. The power outages complained of by ExxonMobil were caused or contributed to be caused by electrical faults that originated at the City Wastewater Treatment Plant on January 25, 2014 and January 13, 2016, respectively.

4. The January 25, 2014, electrical fault occurred due to the failure of underground feeder line belonging to and maintained by the City at the City Wastewater Treatment Plant.

5. The January 25, 2014, electrical fault initiated a series of events that resulted in one of the two 50kV electric lines serving both the Wastewater Treatment Plant and the ExxonMobil Refinery to be de-energized.

6. Shortly thereafter, a City employee, acting in the course and scope of his employment, operated the City's "tie breaker" which transferred the fault and caused the second 50kV electric line serving both the Wastewater Treatment Plant and the ExxonMobil Refinery to be de-energized, resulting in an electrical outage at the Refinery that day.

7. Third-Party Defendant GE Energy Management Services, Inc. ("GE") is a Delaware corporation with its principal office in Atlanta, Georgia, which is authorized to do business and is doing business in the State of Montana.

8. On January 13, 2016, GE was performing testing on electrical equipment belonging to the City at the Wastewater Treatment Plant, which activity induced an electrical fluctuation on NWE's 50kV lines.

9. GE and the City had represented that they would conduct their testing and work exclusively on de-energized equipment, but GE's technician, acting in the course and scope of his employment, improperly opened an energized potential

transformer drawer and thereby caused a ground fault that led breakers to open on the electric lines serving the ExxonMobil Refinery, which resulted in an electrical outage at the Refinery that day.

10. NWE is a Delaware corporation with its principal place of business located at 3010 West 69th Street, Sioux Falls, South Dakota 57108.

11. NWE and the City are citizens of different states, and this matter in controversy exceeds $75,000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

12. NWE and GE are citizens of different states, and this matter in controversy exceeds $75,000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2) because the City resides in this District pursuant to 28 U.S.C. § 1391(c), and a substantial part of the events or omissions giving rise to the action occurred in this District.

**COUNT I – CONTRIBUTION/APPORTIONMENT OF FAULT AGAINST CITY OF BILLINGS**

14. Defendant incorporates by reference the allegations contained in paragraphs 1 through 12, above, as though fully set forth herein.

15. Plaintiff's Complaint alleges various actions or omissions attributed to Defendant which it claims constitute negligence.

16. Defendant has denied the liability allegations in Plaintiff's Complaint against it and continues to deny the same, but in the event that the trier of fact awards Plaintiff damages against Defendant, fault must be apportioned between all parties, including the City, pursuant to Montana Code Annotated § 27-1-703, due to the carelessness and negligence of the employees and agents of the City acting in the course and scope of their employment, which caused or contributed to cause Plaintiff's damages, as follows:

   a. Improperly maintaining the electrical wires and associated equipment belonging to the City at the City sewer plant;

   b. Improperly testing the electrical wires and associated equipment belonging to the City at the City sewer plant while in an energized state;

   c. Improperly training its workmen, employees, agents and subcontractors with respect to making and ensuring that electrical testing was being conducted with due care and according to mandated protocols and/or recognized standards;

   d. Improperly supervising its workmen, employees, agents and subcontractors to ensure proper and safe electrical connections were made and testing not be done in a manner to cause an electrical fault on the system;

  e. Improperly inspecting its work and the work of its workmen, employees, agents and subcontractors such that improper and unsafe electrical testing and connections were made; and/or

  f. Improperly operating the tie breaker on January 25, 2014, without consulting Defendant and/or verifying the source of the electrical fault, so that the electrical fault on one line serving the City Wastewater Treatment Plant was transferred to the other line.

 17. If Defendant is held liable to Plaintiff in this case, which liability Defendant continues to deny, then Defendant would be entitled to apportionment of all the parties' fault and contribution from the City for causing or contributing to cause Plaintiff's injury.

## COUNT II – CONTRIBUTION/APPORTIONMENT OF FAULT AGAINST GE ENERGY MANAGEMENT SERVICES, INC.

 18. Defendant incorporates by reference the allegations contained in paragraphs 1 through 16, above, as though fully set forth herein.

 19. Defendant denies any liability to the Plaintiff but, in the event the trier of fact awards Plaintiff damages against Defendant, fault must be apportioned between all parties pursuant to Montana Code Annotated § 27-1-703, including GE due to the carelessness and negligence of the employees and agents of GE acting in the course and scope of their employment, which caused or contributed to cause Plaintiff's damages, as follows:

      a.      Improperly testing the City electrical equipment when in an energized state;

      b.      Improperly opening the energized potential transformer drawer;

      c.      Failing to follow the agreed protocol for testing of the City Wastewater Treatment Plant electrical equipment;

      d.      Failing to contact or consult NWE prior to testing or interfering with energized NWE equipment;

      e.      Failing to properly train its workmen, employees, agents and subcontractors to ensure that testing of and work on the City electrical equipment was performed safely and in compliance with due care and agreed upon protocol; and/or

      f.      Failing to properly inspect its work and the work of its workmen, employees, agents and subcontractors to ensure that testing of and work on the City electrical equipment was performed with due care and without negligence.

20.      If Defendant is held liable to Plaintiff in this case on the theory of negligence or breach of contract, which liability Defendant continues to deny, then Defendant would be entitled to apportionment of all the parties' fault and contribution from GE for causing or contributing to cause Plaintiff's injury.

# COUNT III – BREACH OF CONTRACT/TARIFF AGAINST CITY OF BILLINGS

21. Defendant incorporates by reference the allegations contained in paragraphs 1 through 19, above, as though fully set forth herein.

22. NWE distributes electric power to the City pursuant to the Montana Public Service Commission approved Electric Tariff ("Tariff") which imposes certain obligations and conditions on the City.

23. Among the obligations imposed on the City by the Tariff as a "Customer" of NWE are those contained in Rule 7, as follows:

> 7-2   Customer's Responsibility - Customer shall be responsible for the electrical installation, appliances, apparatus, and equipment on Customer's side of the point of delivery, and for the electric power and energy after it passes said point of delivery.  Customer shall also be responsible for providing any permits required by governmental agencies.
>
> 7-3   Changes in Installation - Customer shall notify the Utility of any proposed changes or increases in the installation which might overload or adversely affect the Utility's facilities.  If Customer desires to exceed the maximum demand specified in Customer's currently effective service agreement, a new service agreement with the Utility shall be executed.
>
> 7-7   Load Balance - Customer shall maintain a reasonable electrical balance of load between wires of phases.
>
> 7-10  Customer Owned Lines and Facilities
>
> > A. The Utility shall have no responsibility for operation or maintenance of any lines or facilities which it does not own; but the Utility may discontinue service to any such lines or facilities, or portion thereof if, in the opinion of the Utility, such lines or facilities, or portion thereof, are in a dangerous condition or may interfere with

the Utility's operations.  However, the Utility shall have no duty or obligation to inspect any such lines or facilities.

B.  The Utility may require such lines or facilities to be placed in condition conforming with its specifications and the standards of good practice for similar lines or facilities before furnishing or restoring service to any such lines or facilities.

24. Defendant has denied the allegations in Plaintiff's Complaint against it and continues to deny the same, but in the event that the trier of fact awards Plaintiff damages against Defendant the City is entirely responsible and must indemnify Defendant and/or is jointly and severally liable to Plaintiff because the City is responsible for the electrical installation, appliances, apparatus and equipment on its side of the point of delivery and breached its obligations under the Tariff by failing to operate and maintain its equipment in such a fashion as to not overload or adversely affect Defendant's facilities, causing the outages in question.

### COUNT IV – BREACH OF CONTRACT/TARIFF AGAINST GE ENERGY MANAGEMENT SERVICES, INC.

25. Defendant incorporates by reference the allegations contained in paragraphs 1 through 23, above, as though fully set forth herein.

26. GE, when it contracted with the City to perform electrical work at the Wastewater Treatment Plant, expressly and/or impliedly assumed the duty of the City to comply with the City's obligations imposed on the City by the Electric Tariff, including those contained in Rule 7, as follows:

    7-2    <u>Customer's Responsibility</u> - Customer shall be responsible for the electrical installation, appliances, apparatus, and equipment on Customer's side of the point of delivery, and for the electric power and energy after it passes said point of delivery.  Customer shall also be responsible for providing any permits required by governmental agencies.

    7-3    <u>Changes in Installation</u> - Customer shall notify the Utility of any proposed changes or increases in the installation which might overload or adversely affect the Utility's facilities.  If Customer desires to exceed the maximum demand specified in Customer's currently effective service agreement, a new service agreement with the Utility shall be executed.

    7-7    <u>Load Balance</u> - Customer shall maintain a reasonable electrical balance of load between wires of phases.

    7-10    <u>Customer Owned Lines and Facilities</u>

    A.  The Utility shall have no responsibility for operation or maintenance of any lines or facilities which it does not own; but the Utility may discontinue service to any such lines or facilities, or portion thereof if, in the opinion of the Utility, such lines or facilities, or portion thereof, are in a dangerous condition or may interfere with the Utility's operations.  However, the Utility shall have no duty or obligation to inspect any such lines or facilities.

    B.  The Utility may require such lines or facilities to be placed in condition conforming with its specifications and the standards of good practice for similar lines or facilities before furnishing or restoring service to any such lines or facilities.

    27.    Defendant has denied the allegations in Plaintiff's Complaint against it and continues to deny the same, but in the event that the trier of fact awards Plaintiff damages against Defendant then GE must indemnify Defendant and/or is jointly and severally liable with Defendant and/or the City to Plaintiff because GE assumed the City's responsibility for the electrical installation, appliances, apparatus and equipment on the City's side of the point of delivery and breached

its obligations assumed under the Tariff by failing to operate and maintain the City equipment in such a fashion as to not overload or adversely affect Defendant's facilities, causing the 2016 outage in question.

WHEREFORE, should the finder of fact determine Defendant to be at fault or to have breached any contract or agreement with Plaintiff, Defendant prays that the Court enter judgment in its favor and against Third-Party Defendants City of Billings and/or GE Energy Management Services, Inc. for complete indemnity for any damages attributable to said electrical outages and/or for their respective proportionate and/or for their pro rata shares of any fault apportioned to them; award the Defendant its costs; and award the Defendant such other and further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38.1, Defendant/Third-Party Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED this 1st day of April, 2016.

                                     /s/  Kathleen L. DeSoto
                              Attorneys for Defendant/Third-Party Plaintiff