IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN CORPORATION dba NORTHWESTERN ENERGY, a Delaware Corporation,<br><br>Defendant. | Case No. 1:16-cv-00005-BLG-BMM<br><br>**ORDER** |

## I.  BACKGROUND

Plaintiff Exxon Mobil Corporation ("XOM") is a New Jersey Corporation that operates a refinery in Billings, Montana. XOM receives power for its refinery through Defendant Northwestern Corporation dba Northwestern Energy ("NWE"). In January of 2014 and January of 2016, XOM's Billings refinery suffered a power outages. As a result, XOM claims it suffered damages based on the loss of power and alleges that the outages were directly caused by NWE's negligent design, installation, and maintenance of its equipment and systems.

## II.  STATUS

On August 30, 2017, the Court held a hearing in relation to the parties' cross motions to compel discovery. (Docs. 121, 134). After hearing argument, the Court granted XOM's motion to compel and took NWE's motion to compel under advisement.

The Court ordered XOM to produce to the Court the documents indicated on its privilege log (Doc. 142-1), the redacted page XOM00274064 (Doc. 135-2), and a redacted page from Joaquim Demagalhaes's presentation (XOM00284176), for an *in camera* review. (Doc. 143). The documents XOM claimed were privileged were generally related to a "hindsight investigation," which it claimed was instigated in anticipation of litigation and is therefore not discoverable under Fed. R. Civ. P. 26(b)(3). XOM also withheld certain documents under the attorney-client privilege based on communications between several employees and corporate counsel. XOM fully complied with the Court's order on September 6, 2017. (Doc. 144).

## III.   DISCUSSION

In general, a litigant is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [.]" Fed.R.Civ.P. 26(b)(1). Also, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Upon a party's failure to disclose requested information the requesting party may move to compel the opposing party to produce the requested discovery materials. Fed.R.Civ.P. 37(a)(1). Specifically, a party's failure to answer an interrogatory, or to respond to a request for production are grounds for obtaining an order compelling disclosure. Fed.R.Civ.P. 37(a)(3)(B).

Based on the liberal discovery policies of the Federal Rules of Civil Procedure, a party opposing discovery carries a "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and

supporting its objections." *DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal. 2002) (citing *Blankenship*, 519 F.2d at 429).

In ruling on a motion to compel, "[b]road discretion is vested in the trial court to permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### A. Privilege Log

The hallmark of the work product doctrine is that the document sought to be protected was "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). "It is well established that documents prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation." *Parrick v. FedEx Grounds Package Sys.*, 2010 WL 2854314, *10 (D. Mont. July 19, 2010) (citing *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549–50 (W.D. Wash. 2004) (quoting Advisory Committee Notes to Fed.R.Civ.P. 26(b)(3)). Furthermore, "even if documents prepared in the ordinary course of business might also be helpful in preparation for litigation, they do not qualify for protection" under the work product doctrine. *Heath* at 550 (citing *United States v. Adlman,* 134 F.3d 1194, 1202 (2nd Cir. 1998). Also, attempting to delegate a business activity to legal counsel does not shield an investigation from discovery. *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 646 (D. Minn. 1996). In determining whether a document was prepared for an ordinary business purpose or in anticipation of litigation, "[t]he circumstances surrounding the document's preparation must also be considered." *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004).

According to the privilege log, XOM had submitted a draft of the outline for the hindsight investigation by at least February 22, 2014. (Doc. 144-2 at 1). In this document, XOM listed its "objectives" for the hindsight investigation which

did not include a section on legal recourse or reference potential litigation.  This evidences to the Court that the hindsight investigation was conducted for business reasons unrelated to future litigation.  Moreover, XOM states in a letter to the Court: "[i]n late February, it was unclear whether the hindsight investigation would be conducted in an open, non-privileged format, or in a closed, privileged and work product context."  (Doc. 144-1 at 2).  As of February 23, 2017, XOM's corporate counsel had still not "decided" whether the investigation should be privileged.  (*See id.*) (". . . the final decision about whether to privilege or not is still to be made").

These circumstances lead the Court to believe that XOM had decided to conduct the hindsight investigation for business reasons on or before February 22, 2014–before XOM's counsel stepped in and attempted to protect it under the work product doctrine.  The hindsight investigation therefore would have been conducted "regardless of the litigation," and was not prepared in anticipation of litigation.

Based on the circumstances surrounding the hindsight investigation, XOM has not met its high burden of showing that these documents were created in anticipation of litigation.  Accordingly, the documents related to the hindsight investigation are not protected by the work product doctrine and must be produced.

Several of the documents produced by XOM, however, do contain communications to and from XOM's corporate attorney.  Such communications are protected by attorney-client privilege and are protected from disclosure to NWE.  The Court orders the documents be produced with the communications to and from XOM's corporate counsel redacted.

### B. Joaquim Demagalhaes's Presentation

XOM disclosed the final presentation regarding the hindsight investigation, save one redacted page. (Doc. 144-2 at 4; Log Entry 505R; XOM0028416). The page, one slide of a Powerpoint presentation, was marked "Legal Recourse." The Court determines that this page directly reveals communications protected by the attorney-client privilege and it also relates to the attorney's mental impressions about the legal options available to XOM and it is therefore also protected by the work product doctrine. Therefore, the Court orders that it is protected from discovery by NWE.

## IV. CONCLUSION

For the reasons stated above, the Court Orders the following:

1. Plaintiff Exxon Mobil Corporation must produce the following documents from its Privilege Log (Doc. 144-2) in full, on or before October 3, 2017:

> Log Nos. 9; 10; 11; 227R; 472; 553; 557; 571; 589; 597; 603; 607; 608; 609; 610; 611; 613; 614; 615; 616; 617; and 618.

2. Plaintiff Exxon Mobil Corporation must produced the following documents with redactions on or before October 3, 2017. The document marked Log No. 595 must be produced with the third complete sentence redacted. The documents marked Log Nos. 601 and 612 must be produced subject to the same redaction as Log. No. 595. Additionally, with respect to Log Nos. 536 and 600, XOM must produce the email sent on March 13, 2014 at 6:13pm with the email sent on March 13, 2014 at 10:12am redacted.

3. The document marked Log No. 505R may not be produced in its unredacted form, as it contains attorney work product and falls within the attorney-client privilege

4. The document marked Log. No. 222R may not be produced, as it falls within the attorney-client privilege.

Dated this 27th day of September, 2017.

_____
John Johnston
United States Magistrate Judge